UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREEDOM MEDICAL, INC.,

    Plaintiff,

v.                                            Case No. 6:20-cv-771-Orl-37GJK

MAHESHWAR SEWPERSAUD; and
USINE ROTEC, INC.

    Defendants.

## ORDER

After the Court held Defendants Maheshwar Sewpersaud ("**Sewpersaud**") and Usine Rotec, Inc. ("**Rotec**") in contempt, Plaintiff Freedom Medical, Inc. ("**Freedom**") moved for attorneys' fees, taxed to Rotec. (Doc. 167 ("**Fees Motion**"); *see also* Doc. 163 ("**Contempt Order**").) On referral, U.S. Magistrate Judge Gregory J. Kelly recommends granting the Fees Motion in part. (Doc. 169 ("**R&R**").) Rotec objected to the R&R and Freedom responded to the objection. (Docs. 173, 176.) On review, the Court grants the Fees Motion in part, sustains one of Rotec's objections, and adopts the R&R with modifications.

### I.    BACKGROUND

This saga began on May 1, 2020 when Freedom sued Sewpersaud for violating his restrictive employment covenant and trade secrets misappropriation. (*See* Doc. 1.) Freedom also sought a temporary restraining order ("**TRO**") which the Court granted.

-1-

(Docs. 2, 11.) The TRO was converted into a preliminary injunction on June 23, 2020. (Doc. 73 ("**PI**").) The next day, Freedom filed an amended complaint, adding Rotec as a defendant. (Doc. 75.)

Freedom later discovered Sewpersaud had violated both the TRO and the PI—and he had done so on Rotec's behalf. (*See* Doc. 115.) So Freedom filed a motion for an order to show cause ("**Show Cause Motion**") why Defendants should not be held in civil contempt for these violations. (*Id.*) After briefing (Docs. 115, 121–22) and a hearing (Doc. 157 ("**Hearing**")), the Court held both Rotec and Sewpersaud in civil contempt. (Doc. 163.) Since Sewpersaud had filed for bankruptcy (*see* Doc. 134), the Court imposed only injunctive relief against him; but the Court taxed the attorneys' fees and costs for litigating the Show Cause Motion to Rotec. (*See* Doc. 163, pp. 14–15.) Freedom then moved for $65,124.80 in attorneys' fees and $12,677.39 in costs. (Doc. 167.) On referral, Judge Kelly reduced the requested amounts slightly, recommending Freedom be awarded $62,051.23 in fees and $12,479.36 in costs. (Doc. 169, p. 17.)

Rotec now objects to the R&R. (Doc. 173). With briefing complete, the matter is ripe. (*See* Doc. 176.)

## II.   LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous,

conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

### III.   ANALYSIS

#### A.   Clerical Work

Rotec first argues Judge Kelly erred by fully compensating for work Rotec identified as clerical in one of its exhibits (Doc. 168-2 ("**Paralegal Chart**")). (*See* Doc. 173, pp. 9–11.) The Court is not persuaded.

In response to the Fees Motion Rotec prepared a chart of fees sought by Freedom that Rotec contended were for clerical work performed by legal assistants and paralegals—and so non-compensable fees. (*See* Doc. 168, pp. 8–9; Doc. 168-2.) Judge Kelly correctly noted in his R&R, "[w]ork that is clerical or secretarial in nature is not separately recoverable." (Doc. 169, p. 8.) But Judge Kelly disagreed with Rotec that *all* entries on the Paralegal Chart were non-compensable, finding "while some entries include clerical work, others do not and are properly compensable." (*Id.* at 9.) Given the block billing and vague entries, Judge Kelly decided to apply an across-the-board twenty-five percent reduction to the total amount of fees in the Paralegal Chart. (*See id.* (citing *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).) Rotec now objects to this solution. (*See*

Doc. 173, pp. 9–11.) But Rotec again fails to articulate reasons for rejecting each entry in the Paralegal Chart, instead claiming, without explanation, that "28.7 hours" were for preparing binders or exhibit lists alone and the remaining hours were "similarly clerical." (*Id.* at 9–10.)

On *de novo* review, Judge Kelly committed no error. Rotec insists 28.7 hours were spent on the clerical preparation of exhibit binders—but it doesn't explain how it came to that conclusion and just because an entry includes the word "exhibit" or "binder" does not mean it's clerical; for example, an entry from 8/24/20 lists "Prepare, review, gather exhibits and finalize motion re sanctions"—work that is compensable on a motion for attorneys' fees. (*See id.*; *see* Doc. 168-2, p. 2); *cf. HRCC, Ltd. v. Hard Rock Café Int'l (USA) Inc.*, No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863887, at *8 (M.D. Fla. Mar. 26, 2018), *adopted by* 2018 WL 1863779 (M.D. Fla. Apr. 13, 2018). Nor does Rotec explain how the remaining hours were all similarly clerical—pointing "by way of example" to only a small number of hours that were marked "internal correspondence" and then citing cases about a separate issue (how *duplicative* efforts are not compensable). (*See* Doc. 173, p. 10.) Judge Kelly correctly found that some, but not all, of the entries included clerical work and he applied a reasonable 25% across-the-board reduction to account for this. (*See* Doc. 169, pp. 8–9.) Rotec's objection is overruled.

### B.  Unreasonable Amount of Time

Rotec also objects the amount of time spent on the Show Cause Motion, prior to

the Hearing,[1] was unreasonable and there should be an across-the-board reduction in time. (Doc. 173, pp. 11–13.) The Court disagrees.

In his R&R, Judge Kelly acknowledged Rotec's complaints about the number of hours billed but noted Rotec "does not challenge specific time entries," instead generally alleging the total amount was unreasonable. (*See* Doc. 169, pp. 9–10.) And Judge Kelly found the amount of time spent preparing for the Hearing was reasonable and not duplicative. (*Id.*) On *de novo* review, the Court agrees.

In its Fees Motion, Freedom provided detailed information about the breakdown of fees charged by its attorneys. (*See* Docs. 167-2, 167-3; *see also* Doc. 176, p. 6.) But in its response to the Fees Motion and its objection to the R&R, Rotec points to no specific billing entries, instead generally alleging the amount of hours spent on drafting the Show Cause Motion and in preparing for the Hearing are excessive. (Doc. 173, pp. 11–13.) "[G]eneralized statements that the time spent was unreasonable or unnecessary are not particularly helpful and not entitled to much weight." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002). An opponent's failure "to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal." *Id.* at 1333 (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)).

Even looking at the categorical hour amounts, the number of hours billed by Freedom was not unreasonable. Freedom was asking the Court to hold both Rotec and Sewpersaud in civil contempt—an action not to be taken lightly. (*See* Doc. 115.) From the

---

[1] Time spent after the Hearing is discussed *infra*, Section III.C.

first Show Cause Motion through the Hearing and the entry of the Contempt Order, the inquiry was fact-intensive and required detailed analysis and the provision of evidence. (*See* Docs. 163, 176.) This was not a simple matter, as Rotec seems to imply. (*See* Doc. 173, p. 12.) And, as Judge Kelly explained, the hours Mr. Bellido spent preparing for the Hearing were not excessive or duplicative because he, as Freedom's local counsel, had an obligation to be prepared even if he didn't present argument at the Hearing. (Doc. 169, p. 10.)  On *de novo* review, the hours charged are not excessive and an across-the-board reduction is not warranted; Rotec's objection is overruled.

### C. Post-Hearing Fees

Rotec's final objection is that the fees incurred after the Hearing, for the preparation of proper exhibit lists, is duplicative, excessive, and/or clerical and Judge Kelly erred when he awarded Freedom the full-cost of its post-Hearing fees. (Doc. 173, pp. 13–15.) The Court agrees in part and will reduce the amount of post-Hearing fees.

First, some history. At the Hearing, Freedom presented additional exhibits for the Court to consider, but Freedom's exhibit lists did not comply with the Court's orders on the proper preparation of exhibits. (*See* Docs. 158–59; *see also* Doc. 174, p. 5:16–22.) Specifically, the parties had difficulty agreeing on which exhibits were stipulated to and which were objected to and why—required information on the Court's exhibit list form. (*See, e,g.*, Doc. 160, p. 3.) This was especially critical as Freedom failed to move to admit the exhibits into evidence at the Hearing. (*See* Doc. 174.) So after the Hearing the Court directed the parties to meet and confer and for Freedom to submit compliant exhibit lists.

(Doc. 158.) When that didn't happen, the Court ordered Freedom to show cause why (Doc. 159)—to which Freedom responded by filing three separate notices, detailing its efforts to meet and confer with Defendants and filing a more detailed exhibit list chart. (*See* Docs. 160–62; *see also* Doc. 169, p. 12.) The Court later overruled Rotec's objections to many of the exhibits and relied on the exhibits in its Contempt Order. (*See* Doc. 163, p. 1 n.1.) In its Fees Motion, Freedom included fees from these efforts to prepare exhibit binders after the Hearing. (*See* Doc. 169, p. 12.)

Judge Kelly found such fees were necessary to resolve the evidentiary disputes between the parties, both sides blamed the other for the meet and confer difficulties, and this effort was directly related to the Show Cause Motion and Contempt Order—so Judge Kelly recommends taxing the full post-Hearing cost to Rotec. (*See id.*) But in its objection, Rotec notes Freedom spent more than thirty-five hours after the Hearing to complete these exhibit lists—lists which should have been presented to the Court at the Hearing. (*See* Doc. 173, pp. 13–15; *see also* Doc. 158; Doc. 174, p. 5:16–22.) On *de novo* review, the Court will reduce the amount of attorneys' fees taxed to Rotec for the post-Hearing work.

It's clear Rotec is not wholly blameless in the amount of time Freedom required to prepare its exhibit lists, which contains a meet and confer requirement. (*See* Doc. 162, ¶¶ 9, 12.) But the Court will not reward Freedom for failing to do what it should have done in the first instance, nor will it minutely referee Freedom's specific hourly entries. Thirty-five hours to do what should have been done before the Hearing is excessive, so the Court will apply an across-the-board 50% reduction to Freedom's requested post-

Hearing fees. *See Bivins*, 548 F.3d at 1350. As a result, the Court will deduct $5,518.25 from Freedom's attorneys' fees.[2] So the Court sustains Rotec's objections in part with respect to post-Hearing fees and modifies the R&R.

Finally, neither party objected to the remainder of the R&R and the time for doing so has passed. Absent objection, the Court has examined this portion of the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). And the Court finds none. So the Court will adopt the R&R as modified by *supra*, Section III.C.

As this is the last issue outstanding that is directly related to the Contempt Order, the Court now stays the case in its entirety in light of Sewpersaud's bankruptcy proceeding. (*See* Doc. 163, p. 13.)

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Defendant Rotec's Objections to Magistrate's December 18, 2020 Report and Recommendation on Plaintiff's Motion for Award of Attorneys' Fees and Costs (Doc. 173) is **OVERRULED IN PART** and **SUSTAINED IN PART**, as follows:

---

[2] Freedom charged $9,483.50 for work done by the law firm of Kang Haggerty & Fetbroyt LLC (Doc. 167-2, pp. 37–39) and $1553 from the law firm of local counsel, Mr. Nelson Bellido (Doc. 167-3, pp. 23–24.)

    a. Rotec's objection to the amount of post-Hearing fees awarded to Freedom is **SUSTAINED,** consistent with this Order;

    b. In all other respects, Rotec's objections are **OVERRULED.**

2. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 169) is **ADOPTED IN PART AND REJECTED IN PART**, consistent with this Order.

3. Plaintiff Freedom's Motion for Award of Attorneys' Fees and Costs (Doc. 167) is **GRANTED IN PART AND DENIED IN PART,** as follows:

    a. Freedom is **AWARDED** $56,532.98 in attorneys' fees, to be taxed against Rotec;

    b. Freedom is **AWARDED** $12,479.36 in costs, to be taxed against Rotec;

    c. In all other respects, the Fees Motion is **DENIED.**

4. Rotec is **DIRECTED** to pay Freedom's counsel this award by Tuesday, **February 16, 2021**.

5. This case is **STAYED** in its entirety, pending the resolution of Defendant Maheshwar Sewpersaud's bankruptcy proceeding.

6. By Monday, **March 29, 2021** and every **ninety (90) days** thereafter, the parties are **DIRECTED** to file a status report regarding the bankruptcy proceeding (*see* Doc. 172).

7. The Clerk is **DIRECTED** to terminate all pending motions and administratively close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 26, 2021.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party